**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| **WAYNE BLOOMFIELD,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | **CIVIL ACTION** | |
| **v.** | ) | | |
| | ) | **No. 11 CV 7581** | |
| **VILLAGE OF MAYWOOD, Illinois, a** | ) | | |
| **municipal corporation, Maywood Police Officer** | ) | | |
| **ROBERT WELCH #231, Maywood Police** | ) | **Judge** | |
| **Officer WELDON COBOS #1019, and other** | ) | | |
| **UNKNOWN MAYWOOD POLICE OFFICERS** | ) | **Magistrate Judge** | |
| | ) | | |
| **Defendants.** | ) | | |

Plaintiff, Wayne Bloomfield, by and through his attorney, Roderick D. Thomas, complains against the Defendants, VILLAGE OF MAYWOOD (the "Village"), Maywood Police Officer ROBERT WELCH, Maywood Police Officer WELDON COBOS, and other UNKNOWN MAYWOOD POLICE OFFICERS, as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Constitution of the United States and in particular the Fourth and Fourteenth Amendments to the Constitution of the United States and is brought pursuant to 42 U.S.C. § 1983.

2.      The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331, 1343 and 1367.  28 U.S.C. §§ 1331, 1343 and 1367.

3.      Venue is proper under 28 U.S.C. § 1391 as all parties reside within this District and all events complained of occurred within this District.

1

## PARTIES

4.      Plaintiff is, and at all times mentioned was, a resident of Maywood, Cook County, Illinois and a citizen of the United States of America.

5.      The Village is a municipal corporation organized and incorporated under the laws of the State of Illinois and existing within Cook County, Illinois.

6.      At all times relevant to this complaint, Defendant Welch, badge number 231, was a police officer employed by the Village and acting in the scope of that employment and under color of law.  Defendant Welch is sued both individually and in his official capacity.

7.      At all times relevant to this complaint, Defendant Cobos, badge number 1019, was a police officer employed by the Village and acting in the scope of that employment and under color of law.  Defendant Cobos is sued both individually and in his official capacity.

8.      At all times relevant to this complaint, Defendants Unknown Maywood Police Officers were police officers employed by the Village and acting in the scope of that employment and under color of law.  Defendants Unknown Maywood Police Officers are sued both individually and in their official capacity.

## FACTS

9.      On October 26, 2010, Plaintiff was carrying a plastic grocery bag and walking southbound on 15th Avenue near the 1200 block in Maywood, Illinois.

10.      While Plaintiff was walking southbound on 15th Avenue, a vehicle pulled into a driveway across the sidewalk blocking Plaintiff's path.

11.      The vehicle was a black sedan with tinted windows (the "Vehicle").

12.      Later, Plaintiff learned that the Vehicle may have been an unmarked police vehicle.

2

13.     Plaintiff signaled to the driver of the Vehicle that that driver could proceed into the driveway.

14.     Instead of proceeding into the driveway, the driver and passenger in the Vehicle exited the Vehicle.

15.     When the driver and passenger exited the Vehicle, Plaintiff saw that they were wearing bulky jackets with what appeared to be the word police written across them.

16.     Neither the driver nor the passenger ever identified themselves as police officers.

17.     Without cause, justification, provocation or explanation, the driver and the passenger immediately told Plaintiff to put his hands on the Vehicle.

18.     While asking the driver and passenger of the Vehicle "what is going on," Plaintiff complied with their demand that he put his hands on the Vehicle.

19.     Plaintiff subsequently learned that the driver and the passenger were Defendants Welch and Cobos (the "Officers").

20.     One of the Officers asked Plaintiff what was contained in the plastic grocery bag that Plaintiff was carrying.

21.     Plaintiff responded that he had his beer in the bag.

22.     The Officers then asked if Plaintiff was "on that bike" to which Plaintiff responded he was not on a bike.

23.     One of the Officers asked, "What's in your pocket" to which Plaintiff responded I have holes in my pocket.

24.     One of the Police Officers asked if he could search Plaintiff's pocket to which Plaintiff responded no.

25.     One of the Officers became angry, grabbed Plaintiff, slammed his head against the hood of the Vehicle, threw him to the ground and started hitting Plaintiff in the face.

26.     The other Officer kicked Plaintiff in his side.

27.     The Officers handcuffed Plaintiff.

28.     One of the Officers reached his hands into Plaintiff's pockets and took from Plaintiff's back pocket a State identification card, Walgreens card, bus pass and $78 cash, which were all held together by a rubber band.

29.     The Officers did not take anything else from Plaintiff and never told Plaintiff that they took anything else from Plaintiff.

30.     The front pockets of Plaintiff's pants had holes and could not hold anything.

31.     The Officers did not return the Walgreens card, bus pass or $78 that they took from Plaintiff's pocket.

32.     The Officers told Plaintiff they would release Plaintiff if he went to buy drugs on St. Charles in Maywood.

33.     Plaintiff refused to buy drugs.

34.     After Plaintiff refused to buy drugs, the Officers called for a regular marked police car.

35.     A regular marked police car arrived with Defendants Unknown Maywood Police Officers (the "Unknown Officers").

36.     Without any explanation, the Officers and the Unknown Officers put Plaintiff into the police car.

37.     Despite Plaintiff's numerous requests to find out why he was taken into custody, neither the Officers nor the Unknown Officers informed Plaintiff regarding the reason Plaintiff

was being taken into custody and never mentioned anything to Plaintiff about cocaine or any other controlled substance.

38.     Plaintiff continually denied any involvement in any criminal activity.

39.     Plaintiff requested medical treatment for the injuries he sustained as result of the above-described beating inflicted upon him by the Officers.

40.     The Officers and the Unknown Officers initially refused to take Plaintiff for medical treatment.

41.     Instead, Plaintiff was transported to the Maywood police station and placed in a cell.

42.     Plaintiff repeatedly requested medical attention and the Officers and the Unknown Officers repeatedly denied his request for medical attention.

43.     Eventually, after an extended period of time and protests by another person being held in custody, Plaintiff was taken to Westlake Hospital for treatment.

44.     After returning from the hospital, Plaintiff learned for the first time that he was being charged with possession of a controlled substance ("PCS").

45.     On information and belief, the person that informed Plaintiff of the charge was a Maywood police sergeant.

46.     The Officers falsely charged Plaintiff with possession of a controlled substance, aggravated battery, resisting a police officer and open alcohol.

47.     Plaintiff did not have any controlled substance, did not commit any battery, did not resist the Officers and did not have open alcohol.

48.     Plaintiff was held in custody for at least two days and then released on a $5,000 bail bond for which he had to deposit $500.

49. The Officers had no warrant for the arrest of Plaintiff and had facts or information that constituted probable cause that Plaintiff had ever committed or was about to commit a crime, so as to provide grounds for a lawful arrest; nor did defendants have any facts or information that constituted a reasonable suspicion that Plaintiff was involved in any unlawful activity so as to provide grounds for any detention or restraint whatever on Plaintiff's freedom of movement. Plaintiff's detention, the search of Plaintiff's person, and the subsequent arrest were, therefore, unlawful.

50. Based on the false reports and false complaint by the Officers, Plaintiff was prosecuted by the Cook County State's Attorney's Office.

51. Plaintiff was forced to hire and pay a criminal defense attorney to represent him regarding the false charges the Officers placed against him.

52. On or about November 24, 2010, the charges against Plaintiff were dismissed pursuant to the State's motion to strike the charges with leave to reinstate.

53. The State's Attorney never moved to reinstate the charges against Plaintiff.

54. On or about November 17, 2010, while Plaintiff was at a gas station near 17th Avenue and Van Buren in Maywood, Illinois, the same Officers again approached Plaintiff.

55. At the time the Officers approached Plaintiff, Plaintiff was walking home from the gas station at 17th and Van Buren.

56. The Officers pulled up in what appeared to be the Vehicle they were driving during the incident that occurred on October 26, 2010.

57. Similar to their actions on October 26, 2010, the Officers demanded that Plaintiff come to the Vehicle and put his hands on the Vehicle.

58. Similar to their actions on October 26, 2010, but this time without asking permission, one of the Officers put his hands in Plaintiff's pockets.

6

59.     After saying to Plaintiff "this time you ain't got no money in your pocket," one of the Officers said "we are locking you up for possession."

60.     Plaintiff did not have anything in his possession that was illegal and asked the Officers to show him what they claimed he had in his possession that was illegal.

61.     The Officers refused Plaintiff's request to show him what they claimed he had.

62.     Instead, the Officers handcuffed Plaintiff, put him into the Vehicle and transported him the Maywood police department.

63.     The Officers falsely charged Plaintiff with possession of a controlled substance and open alcohol (the "November Charges").

64.     Plaintiff was held in custody and then released on a $10,000 bond for which he had to deposit $1,000.

65.     The Officers had no warrant for the arrest of Plaintiff and had facts or information that constituted probable cause that Plaintiff had ever committed or was about to commit a crime, so as to provide grounds for a lawful arrest; nor did defendants have any facts or information that constituted a reasonable suspicion that Plaintiff was involved in any unlawful activity so as to provide grounds for any detention or restraint whatever on Plaintiff's freedom of movement. Plaintiff's detention, the search of Plaintiff's person, and the subsequent arrest related to the November Charges were, therefore, unlawful.

66.     Based on the false reports and false complaint by the Officers related to the November Charges, Plaintiff was again prosecuted by the Cook County State's Attorney's Office.

67.     Again, Plaintiff was forced to hire and pay a criminal defense attorney to represent him regarding the false charges the Officers placed against him.

68.     On or about August 10, 2011, after the State had requested and been granted numerous continuances, the charges against Plaintiff were dismissed pursuant to the State's motion to strike the charges with leave to reinstate.

69.     The State's Attorney never moved to reinstate the charges against Plaintiff.

70.     As a result of all the false charges described above and the resulting prosecutions, Plaintiff suffered emotional harm and damage to his reputation in his neighborhood, where he has lived most of his life.

71.     As a result of the false charges against him, Plaintiff has lost the opportunity to be hired by numerous companies.

72.     After companies have conducted a background check, they have refused to hire Plaintiff because of the false charges.

73.     As a result of all the false charges described above and the resulting prosecutions, Plaintiff has suffered pecuniary losses due, among other things, to his inability to find employment.

74.     Additionally, only 90% of the bond deposits were return and the remaining 10% were retained by the county pursuant to Illinois statute.

75.     Defendants never returned the Walgreen's card, bus card or $78 to Plaintiff.

76.     Defendant Welch has a history of and repeatedly detained individuals and took cash from them.

77.     In or around November 2010, Defendant Welch was arrested and charged with Theft of Government Property and Official Misconduct, both felonies.

78.     The Village has allowed the Officers to abuse citizens and the criminal court process by, among other things, using excessive force, making false arrests and police reports, stealing, fabricating evidence, and illegally searching individuals.

79.     During all relevant times, the Village maintained a de facto policy, practice and custom of failing to properly screen, train, supervise, discipline and control its officer, which led to the violations of Plaintiff's constitutional rights.

80.     The policy-makers at the Village have long been aware of the Villages policy and practice of failing to properly screen, train, monitor and discipline its police officers.

81.     Among other things, the Village has failed to adopt and implement an adequate system for recognizing problems with its police officers or to ensure an effective disciplinary system.

82.     At the time of the events at issue in this case, the Village had not implemented any written policy, practice or procedure to conduct pattern analysis of complaints of misconduct against Maywood police officers.

83.     As a result of the Village failure to implement a policy as described above, the Officers had been able to continue their practice of misconduct.

### COUNT I
(42 U.S.C. § 1983; Unlawful Search – October 26, 2011)

84.     Paragraphs 1 through 83 are restated and incorporated into this Count I.

85.     The Officers searched Plaintiff and the pockets of his pants without warrant, probable cause, or any legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

86.     The misconduct described in this Count I, including the manner and scope of the searches, was objectively unreasonable under the circumstances.

9

87.     Each of the Officers had a reasonable opportunity to intervene to prevent harm to Plaintiff but instead participated in causing the harm.

88.     As a direct and proximate result of these illegal searches, Plaintiff suffered damages, including emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant Officers in an amount sufficient to compensate him for his injuries, plus a substantial amount in punitive damages, costs and reasonable attorney's fees, and such other and further relief as this Court deems just and equitable.

### COUNT II
(42 U.S.C. § 1983; Unlawful Search – November 17, 2010)

89.     Paragraphs 1 through 88 are restated and incorporated into this Count II.

90.     The Officers searched Plaintiff and the pockets of his pants without warrant, probable cause, or any legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

91.     The misconduct described in this Count II, including the manner and scope of the searches, was objectively unreasonable under the circumstances.

92.     Each of the Officers had a reasonable opportunity to intervene to prevent harm to Plaintiff but instead participated in causing the harm.

93.     As a direct and proximate result of these illegal searches, Plaintiff suffered damages, including emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant Officers in an amount sufficient to compensate him for his injuries, plus a substantial amount in punitive damages, costs and reasonable attorney's fees, and such other and further relief as this Court deems just and equitable.

## COUNT III
(42 U.S.C. § 1983; Unlawful Seizure/False Arrest – October 26, 2010)

94.     Paragraphs 1 through 93 are restated and incorporated into this Count III.

95.     The Officers and Unknown Officers detained Plaintiff, or caused him to be detained, without warrant, probable cause, or any legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

96.     The misconduct described in this Count III was objectively unreasonable under the circumstances.

97.     Each of the Officers had a reasonable opportunity to intervene to prevent harm to Plaintiff but instead participated in causing the harm.

98.     On information and belief, the Unknown Officers had knowledge of the unlawfulness of his or her fellow officers' actions, and had a reasonable opportunity to intervene to prevent harm to Plaintiff, but failed to do so.

99.     As a direct and proximate result of these illegal searches, Plaintiff suffered damages, including emotional distress, damage to his reputation and deprivation of his liberty.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant Officers and Unknown Officers in an amount sufficient to compensate him for his injuries, plus a substantial amount in punitive damages, costs and reasonable attorney's fees, and such other and further relief as this Court deems just and equitable.

## COUNT IV
(42 U.S.C. § 1983; Unlawful Seizure/False Arrest – November 17, 2010)

100.     Paragraphs 1 through 99 are restated and incorporated into this Count IV.

11

101.    The Officers and Unknown officers detained Plaintiff, or caused him to be detained, without warrant, probable cause, or any legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

102.    The misconduct described in this Count IV was objectively unreasonable under the circumstances.

103.    Each of the Officers had a reasonable opportunity to intervene to prevent harm to Plaintiff but instead participated in causing the harm.

104.    As a direct and proximate result of these illegal searches, Plaintiff suffered damages, including emotional distress, damage to his reputation and deprivation of his liberty.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant Officers in an amount sufficient to compensate him for his injuries, plus a substantial amount in punitive damages, costs and reasonable attorney's fees, and such other and further relief as this Court deems just and equitable.

## COUNT V
(42 U.S.C. § 1983; Conspiracy to Deprive Constitutional Rights – October 26, 2010)

105.    Paragraphs 1 through 104 are restated and incorporated into this Count V.

106.    The Officers reached an agreement to unlawfully detain and/or arrest Plaintiff, search him and his pants, maliciously prosecute him, and in doing so deprive Plaintiff of his Constitutional rights.

107.    Each of the Officers further conspired to cover up their misconduct regarding their actions against Plaintiff.

108.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts, or caused others to do so, and was an otherwise willful participant in joint activity, included but not limited to detaining and arrest Plaintiff when each knew that no legal justification existed for

doing so, drafting and submitting false reports and complaints, and appearing in court as a witness while Plaintiff was being prosecuted due to the false reports and complaints.

109.     The misconduct described in this Count V was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

110.     As a direct and proximate result of the Officers' conduct, Plaintiff suffered damages, including emotional distress, damage to his reputation and deprivation of his liberty.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant Officers in an amount sufficient to compensate him for his injuries, plus a substantial amount in punitive damages, costs and reasonable attorney's fees, and such other and further relief as this Court deems just and equitable.

**COUNT VI**
(42 U.S.C. § 1983; Conspiracy to Deprive Constitutional Rights – November 17, 2010)

111.     Paragraphs 1 through 110 are restated and incorporated into this Count VI.

112.     The Officers reached an agreement to unlawfully detain and/or arrest Plaintiff, search him and his pants, maliciously prosecute him, and in doing so deprive Plaintiff of his Constitutional rights.

113.     Each of the Officers further conspired to cover up their misconduct regarding their actions against Plaintiff.

114.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts, or caused others to do so, and was an otherwise willful participant in joint activity, included but not limited to detaining and arrest Plaintiff when each knew that no legal justification existed for doing so, drafting and submitting false reports and complaints, and appearing in court as a witness while Plaintiff was being prosecuted due to the false reports and complaints.

115.     The misconduct described in this Count VI was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

116.     As a direct and proximate result of the Officers' conduct, Plaintiff suffered damages, including emotional distress, damage to his reputation and deprivation of his liberty.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant Officers in an amount sufficient to compensate him for his injuries, plus a substantial amount in punitive damages, costs and reasonable attorney's fees, and such other and further relief as this Court deems just and equitable.

**COUNT VII**
(42 U.S.C. § 1983; *Monell* Policy Claim Against the Village of Maywood)

117.     Paragraphs 1 through 116 are restated and incorporated into this Count VII.

118.     The misconduct described in the preceding paragraphs was undertaken pursuant to the policy and practice of the Maywood Police Department.

119.     By failing to adequately discipline, supervise and control its officer to the extent of becoming deliberate indifference, as a matter of both policy and practice, the Maywood Police Department directly encouraged, and is thereby the cause of the type of misconduct at issue here.

120.     By failing to adequately screen, punish and discipline previous incidents of similar misconduct and thereby leading Maywood police officers to believe their actions will not be scrutinized, as a matter of both policy and practice, the Maywood Police Department facilitated the type of misconduct at issue here and directly encouraged the abuses such as the ones inflicted upon Plaintiff.

121.     On information and belief, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Maywood Police Department abused citizens frequently in a manner similar to that alleged by Plaintiff.

14

122.     Municipal policy-makers were aware of, and condoned and facilitated by their inaction, a "code of silence" in the Maywood Police Department, by which officers failed or refused to report misconduct committed by other officers, such as the misconduct at issue in this case.

123.     As a direct and proximate result of the actions of Defendants, Plaintiff was injured.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Village for compensatory damages, reasonable attorney's fees, costs and expenses.

## COUNT VIII
(Illinois Intentional Infliction of Emotional Distress – October 26, 2011)

124.     Paragraphs 1 through 123 are restated and incorporated into this Count VIII.

125.     Through their position as police officers, the Officers had power and control over Plaintiff.

126.     When committing the above-described acts, the Officers intended to cause Plaintiff severe emotional distress and did cause Plaintiff such distress.

127.     As a result of the above-described conduct, Plaintiff was frightened, humiliated, embarrassed, outraged, and felt a loss of control.  Plaintiff suffered a loss of freedom and liberty, was burdened by worry and concern, was caused physical discomfort and pain as well as mental anguish, emotional stress, and was otherwise hurt, injured and damaged.  This distress has manifested itself in ways that include headaches, nervousness and tension, anxiety and loss of self-esteem.

128.     The conduct that the Officers engaged in regarding Plaintiff was extreme and outrageous.

15

129.    Defendants acted willfully and wantonly in that they intended, or were recklessly indifferent towards, causing Plaintiff severe emotional distress, knowing that there was a high probability that their behavior would cause Plaintiff severe emotional distress and mental anguish.

130.    As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered severe emotional distress.

131.    Under Illinois law the Village is liable for compensatory damages for torts inflicted by the Officers while acting within the scope or their employment.

132.    At all relevant times, the Officers were employees and agents of the Village and specifically the Maywood Police Department and were acting within the scope of their employment.

133.    The Village is liable as principal for the torts committed by the Officers.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Village and Defendant Officers for compensatory damages and all other relief the Court deems just and equitable.

## COUNT IX
(Illinois Intentional Infliction of Emotional Distress – November 17, 2011)

134.    Paragraphs 1 through 133 are restated and incorporated into this Count IX.

135.    Through their position as police officers, the Officers had power and control over Plaintiff.

136.    When committing the above-described acts, the Officers intended to cause Plaintiff severe emotional distress and did cause Plaintiff such distress.

137.    As a result of the above-described conduct, Plaintiff was frightened, humiliated, embarrassed, outraged, and felt a loss of control. Plaintiff suffered a loss of freedom and liberty,

16

was burdened by worry and concern, was caused physical discomfort and pain as well as mental anguish, emotional stress, and was otherwise hurt, injured and damaged. This distress has manifested itself in ways that include headaches, nervousness and tension, anxiety and loss of self-esteem.

138.     The conduct that the Officers engaged in regarding Plaintiff was extreme and outrageous.

139.     Defendants acted willfully and wantonly in that they intended, or were recklessly indifferent towards, causing Plaintiff severe emotional distress, knowing that there was a high probability that their behavior would cause Plaintiff severe emotional distress and mental anguish.

140.     As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered severe emotional distress.

141.     Under Illinois law the Village is liable for compensatory damages for torts inflicted by the Officers while acting within the scope or their employment.

142.     At all relevant times, the Officers were employees and agents of the Village and specifically the Maywood Police Department and were acting within the scope of their employment.

143.     The Village is liable as principal for the torts committed by the Officers.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Village and Defendant Officers for compensatory damages and all other relief the Court deems just and equitable.

**COUNT X**
(Illinois False Imprisonment – October 26, 2011)

144.     Paragraphs 1 through 143 are restated and incorporated into this Count X.

17

145.    The Officers unlawfully seized and detained Plaintiff, or caused him to be unlawfully seized and detained, without warrant, probable cause, or any other legal justification.

146.    The Officers acted willfully and wantonly in that they intended to violate, or were recklessly indifferent towards violating, Plaintiff's rights.

147.    As a direct and proximate result of the Officers' misconduct, Plaintiff suffered damages, including but not limited to emotional distress.

148.    Under Illinois law the Village is liable for compensatory damages for torts inflicted by the Officers while acting within the scope or their employment.

149.    At all relevant times, the Officers were employees and agents of the Village and specifically the Maywood Police Department and were acting within the scope of their employment.

150.    The Village is liable as principal for the torts committed by the Officers.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Village and Defendant Officers for compensatory damages and all other relief the Court deems just and equitable.

## COUNT XI
### (Illinois False Imprisonment – November 17, 2011)

151.    Paragraphs 1 through 150 are restated and incorporated into this Count XI.

152.    The Officers unlawfully seized and detained Plaintiff, or caused him to be unlawfully seized and detained, without warrant, probable cause, or any other legal justification.

153.    The Officers acted willfully and wantonly in that they intended to violate, or were recklessly indifferent towards violating, Plaintiff's rights.

154.    As a direct and proximate result of the Officers' misconduct, Plaintiff suffered damages, including but not limited to emotional distress.

155.    Under Illinois law the Village is liable for compensatory damages for torts inflicted by the Officers while acting within the scope or their employment.

156.    At all relevant times, the Officers were employees and agents of the Village and specifically the Maywood Police Department and were acting within the scope of their employment.

157.    The Village is liable as principal for the torts committed by the Officers.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Village and Defendant Officers for compensatory damages and all other relief the Court deems just and equitable.

## COUNT XII
(Illinois Malicious Prosecution – October 26, 2011)

158.    Paragraphs 1 through 157 are restated and incorporated into this Count XII.

159.    The Officers willfully and wantonly initiated criminal proceedings against Plaintiff, or caused such prosecution to continue, without probable cause to believe Plaintiff had committed a crime.

160.    With malice, willfulness or reckless indifference to Plaintiff's rights, Defendants' created, or acquiesced to, false police reports and charging complaints causing Plaintiff to be prosecuted for a crime he did not commit.

161.    Additionally, the Officers gave false accounts regarding their investigation to other police officers and that Assistant State's Attorneys and fabricated evidence.

162.    The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

163.    As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered financial and emotional damages.

164.    Under Illinois law the Village is liable for compensatory damages for torts inflicted by the Officers while acting within the scope or their employment.

165.    At all relevant times, the Officers were employees and agents of the Village and specifically the Maywood Police Department and were acting within the scope of their employment.

166.    The Village is liable as principal for the torts committed by the Officers.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Village and Defendant Officers for compensatory damages and all other relief the Court deems just and equitable.

## COUNT XIII
(Illinois Malicious Prosecution – November 17, 2011)

167.    Paragraphs 1 through 166 are restated and incorporated into this Count XIII.

168.    The Officers willfully and wantonly initiated criminal proceedings against Plaintiff, or caused such prosecution to continue, without probable cause to believe Plaintiff had committed a crime.

169.    With malice, willfulness or reckless indifference to Plaintiff's rights, Defendants' created, or acquiesced to, false police reports and charging complaints causing Plaintiff to be prosecuted for a crime he did not commit.

170.    Additionally, the Officers gave false accounts regarding their investigation to other police officer and that Assistant State's Attorneys and fabricated evidence.

171.    The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

172.    As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered financial and emotional damages.

173.     Under Illinois law the Village is liable for compensatory damages for torts inflicted by the Officers while acting within the scope or their employment.

174.     At all relevant times, the Officers were employees and agents of the Village and specifically the Maywood Police Department and were acting within the scope of their employment.

175.     The Village is liable as principal for the torts committed by the Officers.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Village and Defendant Officers for compensatory damages and all other relief the Court deems just and equitable.

## COUNT XIV
(Illinois Battery)

176.     Paragraphs 1 through 175 are restated and incorporated into this Count XIV.

177.     As described above, the Officers, without cause or justification, hit and kicked Plaintiff.

178.     In doing the acts alleged above, Defendants acted with the intent to make contact with Plaintiff's person.

179.     Plaintiff found the contact made with Plaintiff's person by Defendants to be harmful and offensive to Plaintiff's person and dignity.

180.     At no time did plaintiff consent to any of the acts of Defendant alleged above.

181.     As a proximate result of Defendants' wrongful, unlawful and offensive actions, Plaintiff suffered physical injuries and endured pain and suffering.

182.     As a further proximate result of Defendants' wrongful, unlawful, and offensive actions, Plaintiff has incurred medical and related expenses.

183.     Defendants acted maliciously and wantonly, intending to wrongfully and unlawfully inflict physical and mental pain and suffering on Plaintiff, and Plaintiff is therefore entitled to seek punitive damages.

184.   As a direct and proximate result of Defendants' battery to Plaintiff, Plaintiff suffered financial and emotional damages.

185.   Under Illinois law the Village is liable for compensatory damages for torts inflicted by the Officers while acting within the scope or their employment.

186.   At all relevant times, the Officers were employees and agents of the Village and specifically the Maywood Police Department and were acting within the scope of their employment.

187.   The Village is liable as principal for the torts committed by the Officers.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Village and Defendant Officers for compensatory damages and all other relief the Court deems just and equitable.

## COUNT XV
(Illinois Conversion)

188.   Paragraphs 1 through 187 are restated and incorporated into this Count XV.

189.   Plaintiff had an absolute and unconditional right to the $78 in United States' currency and the Walgreen's card and bus pass (the "Property").

190.   Plaintiff had an absolute and unconditional right to maintain possession of the Property.

191.   Plaintiff demanded the return of the Property.

192.   Without authorization, Defendants wrongfully assumed control, dominion or ownership over the Property.

193.   Defendants acted willfully and wantonly in that they intended, or were recklessly indifferent towards Plaintiff's absolute right to possess the Property.

194.   Despite Plaintiff's demands, Defendants refused to return the Property and to date, Defendants have not returned the Property to Plaintiff.

22

195.    As a direct and proximate result of Defendants' conversion of the Property, Plaintiff suffered financial loss.

196.    Under Illinois law the Village is liable for compensatory damages for torts inflicted by the Officers while acting within the scope or their employment.

197.    At all relevant times, the Officers were employees and agents of the Village and specifically the Maywood Police Department and were acting within the scope of their employment.

198.    The Village is liable as principal for the torts committed by the Officers.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Village and Defendant Officers for restitution in the same amount as the United States' currency and the value of the other property that the Officers converted and all other relief the Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

LAW OFFICE OF RODERICK D. THOMAS

By:     /s/ Roderick D. Thomas
        Attorney for Plaintiff

Law Office of Roderick D. Thomas
1444 N. Farnsworth Ave., Suite 100
Aurora, IL 60505
(630) 896-2610